# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LACEY-SALAS, an individual on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDI INC., a corporation, and AI CALIFORNIA LLC, a limited liability company,<br><br>Defendants. | Case No.: 19cv1269-MMA (MDD)<br><br>**ORDER GRANTING JOINT MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 11] |

On June 7, 2019, Plaintiff Jennifer Lacey-Salas ("Plaintiff") filed this putative class action against Defendants ALDI Inc. and AI California LLC ("Defendants") alleging various wage and hour claims in the Superior Court of California, County of San Diego. *See* Doc. No. 1-2. On July 10, 2019, Defendants removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. *See* Doc. No. 1. On July 30, 2019, the parties filed a joint motion to transfer this case to the Central District of California pursuant to the first-to-file rule. *See* Doc. No. 11. For the reasons set forth below, the Court **GRANTS** the joint motion.

Under the first-to-file rule, district courts have discretion to dismiss, stay, or transfer a case to another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93,

94-95. (9th Cir. 1982). The rule "recogniz[es] [the] doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Id.* The rule, however, is "not a rigid or inflexible rule to be mechanically applied but rather to be applied with a view to the dictates of sound judicial administration." *Id.* at 95. In deciding whether to apply the first-to-file rule, courts analyze three factors: "the chronology of the lawsuits, similarity of the parties, and similarity of issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). If the three factors are satisfied, the court in which the second action was filed may transfer, stay, or dismiss the proceeding in order to allow the court in which the first action was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991).

Here, upon consideration of the relevant factors, the Court finds that all three factors weigh in favor of transferring the instant action to the Central District. Defendants filed a notice of related cases regarding a similar action, *Gant v. ALDI Inc. and AI California LLC*, Case No. 2:19-cv-3109-JAK-PLA, which was originally filed in Los Angeles County Superior Court on February 14, 2019 and removed to the Central District of California on April 22, 2019. *See* Doc. No. 7. Notably, *Gant* was filed nearly four months prior to the instant action. Additionally, both *Gant* and the instant action involve the same defendants. *See* Doc. No. 11 at 1. Moreover, the proposed class in this action is encompassed by the proposed class in *Gant* and both cases assert substantially similar wage and hour claims, such as failure to pay overtime, failure to provide meal and rest periods, failure to provide accurate wage statements, failure to timely pay wages at termination, and failure to reimburse all reasonable and necessary business expenses. *See id.* Further, the parties "jointly request the transfer of this action to the Central District of California." *Id.* at 2.

/ / /

/ / /

Based on the foregoing, the Court finds that the requirements of the first-to-file rule are satisfied and the Court, in its discretion, finds that transferring the instant action to the Central District of California will preserve judicial resources. Accordingly, the Court **GRANTS** the joint motion and **TRANSFERS** this action to the Central District of California.[1] The Clerk of Court is instructed to terminate all pending motions, deadlines, and hearings and close the case.

**IT IS SO ORDERED.**

Dated: August 2, 2019

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] The Court declines to address the parties' request regarding the automatic timing requirements set forth in Central District Local Rule 23-3. *See* Doc. No. 11 at 2. The parties can direct any such request to the assigned district judge in the Central District of California.